# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EUNICE DARLENE FLOYD-TRINOWSKI,**

       **Plaintiff,**

**v.**                                              **Case No:   6:15-cv-1030-Orl-37DAB**

**NORTHEAST FLORIDA HEALTH SERVICES, INC., KATHY WILKES, CHERI BOYD, S. REDDY, FISHER & PHILLIPS, LLC, BENTON WOOD and CARYN DIAMOND-SHAW,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY**   (Doc. No. 2)
>
> **FILED:**       **June 23, 2015**
>
> ___
>
> **THEREON** It is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed In Forma Pauperis be **DENIED** and her claims be **DISMISSED**.   It is further respectfully **RECOMMENDED** that Plaintiff be ordered to show cause why she should not be sanctioned for filing her fourth insufficient Complaint.

In yet another bite at the apple, *pro se* Plaintiff Eunice Darlene Floyd files this **fourth** iteration of her race discrimination claims arising out of her employment at the Defendant Northeast Florida Health Services, Inc. ("NEFHS") and treatment by Defendant employees there.   The court has previously granted summary judgment on Plaintiff's employment discrimination claims and

subsequently dismissed her second and third cases[1] on the basis that the claims asserted were *res judicata* of Plaintiff's employment discrimination claims in her original case (Case No. 6:13-cv-655). In this her **fourth** case, Plaintiff has re-alleged the same claims arising out of her NEFHS employment, Defendants' discrimination, dismissal, and retaliation.

Because the Court finds that the claims in Plaintiff's Complaint in this case suffers from precisely the same issues[2] the Court has previously and repeatedly identified (particularly in her **second** case), it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed In Forma Pauperis be **DENIED**, and her case be **DISMISSED**. In addition, because Judge Mendoza has previously warned Plaintiff "that sanctions may be imposed if she continues to file Complaints that are frivolous or fail to comply with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules," it is respectfully **RECOMMENDED** that Plaintiff be ordered to show cause why she should not be sanctioned for filing this **fourth** insufficient Complaint.

### *History of Three Prior Cases Filed by Plaintiff*

In her original case filed on April 23, 2013, Plaintiff alleged claims under Title VII for race discrimination, harassment, and retaliation based on Title VII of the Civil Rights Act of 1964 arising out of her employment with Defendant Northeast Florida Health Services from September 2009 to November 2010. In a thirty-seven page Report & Recommendation entered on July 1, 2014, the Undersigned recommended that summary judgment be granted to Defendants in Plaintiff's original race discrimination case. *See* Case No. 6:13-cv-655-Orl-41DAB (Doc. 45). On the same day (July 1, 2014), Plaintiff filed her **second** lawsuit again alleging race discrimination, harassment, and

---

[1] Case Nos. 14-cv 1062 and 14-cv-1903.

[2] In the previous cases, Plaintiff alleged, as she does here, that Defendants discriminated and retaliated against her on the basis of her race, and refused her medical care and treatment following her claims of discrimination. Doc. 1 ¶¶ 17, 20-32; see Case No. 6:14-cv-1062-41DAB (Doc. 12 ¶ 39, 86-100).

Case 6:15-cv-01030-CEM-DCI   Document 7   Filed 08/18/15   Page 3 of 11 PageID 68
- 3 -

retaliation by her former employer NEFHS, but adding as Defendants the supervisory employees and Defendants' attorneys. *See* Case No. 6:14-cv-1062-41DAB (Doc. 1).

On August 19, 2014, District Judge Mendoza adopted the recommendation in the first lawsuit and granted final summary judgment to Defendant on Plaintiff's race discrimination and retaliation claims. Case No. 6:13-cv-655 (Doc. 53). In Plaintiff's **second** lawsuit, this Court ordered Plaintiff to file a more comprehensible twenty-page amended complaint instead of the rambling sixty-five page single-spaced complaint she had initially filed alleging claims of race discrimination, harassment, and retaliation, including the refusal to provide healthcare treatment to her. Case No. 6:14-cv-1062 (Doc. 10). Instead of filing a shorter pleading, Plaintiff filed an eighty-five page amended complaint on August 14, 2014, alleging the same discrimination claims along with other vague claims. Case No. 6:14-cv1062-41DAB (Doc. 12).

Judge Mendoza subsequently denied Plaintiff's motion for leave to appeal *in forma pauperis* the summary judgment in the **first** lawsuit on November 12, 2014[3] (Doc. 59), which in turn led Plaintiff to file her **third** lawsuit alleging employment discrimination claims against the same employer one week later, on November 19, 2014. Case No. 6:14-cv-1903. This Court recommended that the claims in the **third** lawsuit for race discrimination against NEFHS and its employees be dismissed on the basis of *res judicata*. Case No. 6:14-cv-1903.

On May 20, 2015, Judge Mendoza (in simultaneous orders) dismissed the claims in Plaintiff's **second** and **third** lawsuits on *res judicata* grounds. In dismissing the second lawsuit, Judge Mendoza found that Plaintiff had failed to follow this Court's order to file a comprehensible twenty-page amended complaint instead of the rambling sixty-five page single-spaced complaint

---

[3] On July 13, 2015, the Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution. Case No. 6:13-cv-655 (Doc. 60).

she had initially filed which was amended into an eighty-five page incomprehensible document. Case No. 6:14-cv-1062 (Doc. 10, 16). Judge Mendoza took judicial notice that Plaintiff's second case included the same claims for employment discrimination against her former employer, NEFHS, that were already resolved against Plaintiff in her first lawsuit; he dismissed the employment claims with prejudice in her second lawsuit and dismissed without prejudice [4] Plaintiff's remaining incomprehensible claims. Case No. 6:14-cv-1062 (Doc. 16). Plaintiff subsequently filed an untimely Notice of Appeal on June 23, 2015[5]. Case No. 6:14-cv-1062 (Doc. 18).

In the simultaneous order entered on May 20, 2015, Judge Mendoza also dismissed the claims in Plaintiff's **third** lawsuit by adopting this Court's recommendation finding that Plaintiff's race-based discrimination claims, arising out of her employment at NEFHS from September 2009 to November 2010, were *res judicata* of the claims in her first lawsuit. Although Plaintiff alleged claims only under Title VII for race discrimination in the first lawsuit, Judge Mendoza found that her race discrimination claims in the second and third lawsuits—even though brought under a civil rights statutes such as 42 U.S.C. § 1981—were also *res judicata* because, to the extent the § 1981 claims attempted to assert employment-based claims, they were treated the same as Plaintiff's Title VII claims. Case 6:14-cv-1062 (Doc. 16 at 5). Plaintiff also filed an untimely Notice of Appeal of this decision on June 23, 2015[6]. On the same day, Plaintiff also filed this new case, her **fourth** such lawsuit against Northeast Florida Health Services, Inc., her individual supervisors, and

---

[4] Judge Mendoza also warned that Plaintiff that "sanctions may be imposed if she continues to file Complaints that are frivolous or fail to comply with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules." Case No. 6:14-cv-1062 (Doc. 16).

[5] Judge Mendoza's Order was entered on May 20, 2015 but Plaintiff's untimely Notice of Appeal was not filed until June 23, 2015, or *thirty-four* days later. Case 6:14-cv-1062 (Docs. 16, 18). *See* Fed. R.App. P. 4(a) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

[6] The Court has issued Recommendations to deny Plaintiff's Motions to Appeal *in forma pauperis* in the **second** and **third** lawsuits because the appeals do not raise any tenable issues and are therefore frivolous.

Defendants attorneys, for employment discrimination, retaliation, and civil rights and tort claims. Case No. 6:15-cv-1030 (Doc. 1).

### *Standard to Proceed In Forma Pauperis*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases. *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark*, 915 F.2d at 639 (internal citation omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785 (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In the **third** lawsuit, Judge Mendoza agreed with this Court's conclusions in a Report and Recommendation which found that Plaintiff's second and third lawsuits were *res judicata*:

> [I]n this case, Plaintiff's race-based discrimination claims, arising out of her employment at NEFHS from September 2009 to November 2010, were considered on the merits, and summary judgment was granted to Defendant on August 19, 2014 based on this Court's 37 page Report and Recommendation and Judge Mendoza's careful de novo consideration of the Report, along with Plaintiff's objections and Defendant's Response. Case No. 6:13-cv-655, Doc. 53 (adopting Report and Recommendation, Doc. 45). Although Plaintiff filed a Notice of Appeal, Judge

> Mendoza ultimately rejected her petition to proceed without payment of the appellate filing fee and certified her appeal was not take in good faith on November 12, 2014. Doc. 59.
>
> One week later, on November 19, 2014, Plaintiff filed the new Complaint in this case alleging the same race discrimination, hostile work environment, and retaliation claims, arising out of "the same nucleus of operative fact," *i.e.*, her September 2009 to November 2010 employment with Defendant; the only difference was that she alleged the same conduct violated 42 U.S.C. § 1981, and she asserted claims against several allegedly supervisory personnel. The citation to a new statute and the addition of additional defendants who were supervisors do not change the application of res judicata. In *Elkadrawy v. Vanguard Group, Inc.*, the Third Circuit held that a former employee's subsequent § 1981 [claims] alleging race and national origin discrimination arose from same set of facts as his prior Title VII claim against his employer for purposes of res judicata, even though the § 1981 claims involved supervisors, since the new § 1981 claims could have been brought in the prior Title VII complaint, and the claims arose out of single employment relationship, involving some form of race or national origin based discrimination. 584 F.3d 169 (3d Cir. 2009) "[R]es judicata bars not only claims that were brought in the previous action, but also claims that could have been brought." *Id.*

Case No. 6:14-cv-1903 (Docs. 5 (footnote omitted), 7).   Judge Mendoza also found the claims in Plaintiff's **second** lawsuit were barred by *res judicata* or failed to state a claim:

> Although not clear, Plaintiff appears to try to state claims for employment discrimination based on events during her employment and after her termination. To the extent Plaintiff is attempting to state claims related to events that occurred while she was employed by NFHS, those claims are barred by res judicata, as set forth thoroughly in the Magistrate Judge's Report and Recommendation in the 1903 Case [third lawsuit]. To the extent that Plaintiff attempts to state a claim for employment discrimination, harassment, or retaliation for any of Defendants' actions taken post-employment, Plaintiff's Title VII allegations fail to state a claim [because] any alleged discriminatory or retaliatory conduct that occurred after Plaintiff's employment with NFHS ended necessarily cannot constitute adverse employment actions.  Accordingly, Plaintiff has not, and cannot, state a claim for employment-based discrimination, harassment, or retaliation.

Case No. 6:14-cv-1062 (Doc. 16).   Judge Mendoza dismissed Plaintiff's employment discrimination claims brought under Title VII and § 1981 for employment discrimination based on events during her employment as barred by *res judicata*.  *Id*.  For claims of employment discrimination for any of Defendants' actions taken post-employment, Judge Mendoza found such allegations failed to state a claim because they could not constitute adverse employment actions.

*Id.*  Judge Mendoza dismissed without prejudice the remaining claims in Plaintiff's Amended Complaint.  *Id.*

Turning now to examination of the claims in this **fourth** lawsuit brought by Plaintiff, she raises the same claims against the identical individual Defendants for "refus[ing] to treat and withholding of previously prescribed medications for treatment [which] was discrimination, harassment and retaliation" on August 24 and September 21 and 23, **2013**; she also alleges Defendants violated Title VII (and Title VI) of the Civil Rights Act of 1964, Civil Rights statutes (42 U.S.C. §§ 1983, 1985, 1986, 1988), and asserts state claims for negligent and intentional infliction of emotional distress.  As this Court has explained in detail to Plaintiff previously:

> Res judicata not only bars claims decided on the merits but also claims that s*hould have been raised* in the previous litigation. *See McKinnon v. Blue Cross and Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991)("Res judicata is a doctrine of claim preclusion which operates to prevent litigation of matters that were raised or should have been raised in an earlier suit.").  "The purpose behind the doctrine of res judicata is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quotations and alteration omitted).
>
> Four elements are required for res judicata to bar a subsequent suit: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).  "A final decision is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir.1983) (citation omitted).  A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).  As to the fourth prerequisite, whether the causes of action in both suits are identical, the inquiry is not only whether both cases advance precisely the same legal theory, but also whether the legal theories and claims arise out of "the same nucleus of operative fact." *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990).

Case No. 6:14-cv-1903 (Doc. 5).  This is the third occasion that the Court has had to explain to Plaintiff that her claims are not "new" but are simply a re-hash of the original employment

discrimination claims – arising out of the "same nucleus of operative fact" – that she lost in the original lawsuit.

Plaintiff was employed by Defendant NEFHS from September 29, 2009 to November 19, 2010. Apparently, after her employment ended but during the time she was in litigation, Plaintiff sought healthcare treatment at Defendant NEFHS and was denied such services. She alleges:

> 15. On or around August 23, 2013 Defendants and Defendants' counsel conspired together to prevent Plaintiff from continuing to receive treatment for depression, anxiety and emotional distress so that the Plaintiff would not be able to continue to claim it as damages in case 6:13-cv-655.
>
> 17. Plaintiff had to endure medical care and treatment refused on 2 separate occasion, had to go thru a devastating 3rd deposition and a settlement conference all within a month.
>
> 18. Plaintiff was devastated after the settlement conference, having heard with Plaintiff's own ears that to the Defendant's Plaintiffs mental and physical wellbeing was made a bargaining chip, put on the table and required the Plaintiff to choose which one, Plaintiff's life and wellbeing or civil rights.
>
> 19. All Defendants have deprived the Plaintiff of civil rights and rights to be treated fairly in a civil suit settlement conference without prejudice and wrongs being committed.
>
> 20. On or around September 23, 2013 the Plaintiff and the Defendants had a scheduled settlement conference before Magistrate Judge Ms. Spaulding.
>
> 21. On or around September 23, 2013 Defendant's conspiracy was brought to light during a settlement conference between the Defendants and the Plaintiff to try and settle the federal claim that is currently before the court.
>
> 22. Defendants made Plaintiff's needed medical care and treatment an offer during settlement conference.
>
> 23. Defendant's use of coercion (blackmail) in an attempt to negotiate shows that the Defendants had entered into negotiations in bad faith.

Doc. 1 ¶¶ 15-23.

Applied here, Judge Mendoza's previous decision, especially in the **second** lawsuit (Case No. 14-cv-1062), was obviously rendered by "a court of competent jurisdiction"[7]; (2) the parties are identical in both the second lawsuit[8] and the instant case; and (3) the exact same federal causes of action – race discrimination, hostile work environment, and retaliation under Title VII, the civil rights statutes (42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988), and state tort law – are asserted in both cases. In essence, Judge Mendoza's previous *res judicata* holding in the second lawsuit is again *res judicata* of Plaintiff's claims in this fourth suit.

To the extent that Plaintiff alleges denial of medical care was in retaliation for her prior lawsuit, as Judge Mendoza already determined (quoted above), Plaintiff could not assert a claim for employment discrimination when she no longer worked at NEFHS. Case No. 14-cv-1062 (Doc. 16). To the extent Plaintiff alleges that she was denied health care arising out of her employment dispute, such a claim would be barred by *res judicata* because she could have raised these civil rights claims in the previous discrimination suit but had opted not to raise them. *See Dinkins v Leavitt,* 2008 WL 447503 (N.D. Ga. Feb. 13, 2008), *aff'd* 315 Fed. Appx. 171 (11th Cir. 2008) (holding that *res judicata* barred plaintiff's subsequent race claims under § 1981 after her Title VII claims had been dismissed on the merits against the same defendant). To the extent Plaintiff also attempts to allege any tort claims as she did in the second lawsuit (Case No. 14-cv-1062) Judge Mendoza dismissed these claims without prejudice, finding them to be "incomprehensible,"[9] and warned Plaintiff that

---

[7] *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003) (noting that there is "no question" that a federal court is court of competent jurisdiction).

[8] Defendants NEFHS, Wilkes, Boyd, Reddy, Fisher & Phillips, LLC, Wood, and Diamond-Shaw. Case No. 14-cv-1062, Doc. 12.

[9] Judge Mendoza noted: "The fact that the Court has declined to address the merits of Plaintiff's other claims should not be considered in any way an indication that those counts sufficiently state claims. As noted, the substance of Plaintiff's Amended Complaint is incomprehensible. Thus, the Court declines to expend judicial resources attempting to decipher claims where there is not a reason on the face of the claim to do so." Doc. 16 at 5 n.1.

"sanctions may be imposed if she continues to file Complaints that are frivolous or fail to comply with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules." Her claims in this case are no more comprehensible than in the earlier suit.

**Sanctions**

Judge Mendoza has previously warned Plaintiff "that sanctions may be imposed if she continues to file Complaints that are frivolous or fail to comply with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules." Case No. 14-cv-1062, Doc. 16. Sanctions are warranted where a litigant has become a vexatious litigant, and a court may impose a sanction requiring the pro-se litigant to obtain leave of court before bringing any further suit related to the original claim. *See Pandozy v. Tobey*, 335 Fed. Appx. 89, 90 (2d Cir. 2009) (affirming sanction requiring pro-se party to obtain leave of court before bringing any further suit related to the sale of his apartment, previously litigated several times); *In re: Cuyler v. Merryday*, Case No. 6:11-mc-90-Orl-22DAB (January 6, 2012) (requiring pro se plaintiff to obtain leave of court before filing any lawsuit and establishing a sanction of $500 per case for complaints lacking arguable merit).

**Conclusion**

For the reasons stated above, Plaintiff's race discrimination, harassment, and retaliation claims are barred by the doctrine of *res judicata*. It is respectfully **RECOMMENDED** that her Motion to Proceed In Forma Pauperis be **DENIED** and her claims be **DISMISSED**. It is further respectfully **RECOMMENDED** that Plaintiff be ordered to show cause why she should not be sanctioned for filing this **fourth** insufficient and incomprehensible Complaint.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 18, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties