UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUNICE DARLENE FLOYD-TRINOWSKI,**

        **Plaintiff,**

v.                                       Case No:  6:15-cv-1030-Orl-41DCI

**NORTHEAST FLORIDA HEALTH SERVICES, INC., KATHY WILKES, CHERI BOYD, S. REDDY, FISHER & PHILLIPS, LLC, BENTON WOOD and CARYN DIAMOND-SHAW,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Report and Recommendation ("R&R," Doc. 10) issued by United States Magistrate Judge David A. Baker, which recommends that any future filings made by Plaintiff be pre-screened before they are accepted. The Court agrees.

The litigation history of Plaintiff's multiple, frivolous cases is fully set forth in Judge Baker's first Report and Recommendation ("First R&R," Doc. 7), which recommended that this case be dismissed. For purposes of this Order, the extensive history need not be reiterated; instead the relevant portion of the First R&R, (*id.* at 2–5), is incorporated herein by reference. It is sufficient at this point to state that this is the fourth successive lawsuit filed by Plaintiff based on the same operative facts, all of which have been frivolous. (*See generally* Case Nos. 6:13-cv-655-Orl-41DAB (the "655 Case"); 6:14-cv-1062-41DAB (the "1062 Case"); 6:14-cv-1903-41DAB (the "1903 Case")). Further, in each previous case, instead of properly appealing this Court's

Orders granting summary judgment against Plaintiff or dismissing her claims, Plaintiff has simply continued to refile the same or similar complaints.[1]

In dismissing Plaintiff's Complaint in this most recent case, the Court ordered Plaintiff to show cause why she should not be sanctioned in the form of requiring any future complaints filed by her to be pre-screened before they are accepted. (May 26, 2016 Order, Doc. 9, at 2). The Order warned that failure to respond may result in the imposition of the above sanction without further notice. Plaintiff did not respond.

An injunction subjecting an individual's purported complaints to a prescreening requirement is an appropriate method for defending the judicial system from abusive and vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). The district court possesses considerable discretion in fashioning such an injunction; however, it may not completely foreclose the litigant from any and all access to the court. *Martin-Trigona*, 986 F.2d at 1387. Under the present circumstances, the Court determines that such an injunction is appropriate. As a result of Plaintiffs' baseless filings, this Court has been, on numerous occasions, required to divert its attention away from legitimate cases involving litigants who have complied with the relevant rules and procedures and who wish to have their cases decided in a timely fashion. This type of vexatious litigation is an undue drain on limited judicial resources.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 10) is **ADOPTED** and **CONFIRMED** and made part of this Order.

---

[1] Plaintiff has filed notices of appeal in each previous action, but she has not followed through on any of the appeals, and each one was dismissed for want of prosecution. (*See* 655 Case, Doc. Nos. 54 & 60; 1062 Case, Doc. Nos. 18 & 24; 1903 Case, Doc. Nos. 8 & 16).

2. Any future complaint Plaintiff Eunice Darlene Floyd-Trinowski[2] presents to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Instead of filing the complaint and opening a new case, the Clerk's Office shall forward it to the senior Magistrate Judge in the Orlando Division for review and screening. The Magistrate Judge will determine whether the complaint has arguable merit; that is, a material basis in law and fact. If the action is arguably meritorious, the Magistrate Judge will direct the Clerk of Court to file the complaint for a normal assignment. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiff's action is frivolous, that action will not be filed with the Court but instead will be returned to Plaintiff. Upon such a finding, Plaintiff will be subject to further sanction, including monetary assessment.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

---

[2] In the 655 case and the 1903 case, Plaintiff used the last name Floyd rather than Floyd-Trinowski.